United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Alexander Delgado, and others,<br>Plaintiffs,<br><br>v.<br><br>Jose Luis de Medeiros, and others,<br>Defendants. | )<br>)<br>)<br>) Civil Action No. 22-22619-Civ-Scola<br>)<br>)<br>) |

### Order Denying Motion to Quash Service of Process

    This matter is before the Court on Defendant Jose Luis de Medeiros's motion to quash service of process. (ECF No. 35.) The Plaintiffs have responded. (ECF No. 37.) Defendant de Medeiros has not replied, and the time to do so has passed. After careful consideration of the briefing, the record, and the relevant legal authorities, the Court **denies** the Defendant's motion. (**ECF No. 35**.)

    Defendant de Medeiros raises two arguments supporting his motion to quash service of process. First, he argues, although he was personally served with the summons and complaint at his residence in Ontario, Canada, such service does not comport with the Hague Convention on Service Abroad. (Mot. ¶¶ 2-3.) Second, he asserts, service is insufficient because he was not served with the operative complaint. (Mot. ¶ 14.)

    The Court finds both arguments to be unavailing. First, Canada authorizes personal service of process under the Hague Convention, and Canadian law authorizes personal service of process. *Dimensional Comms., Inc. v. OZ Optics Ltd.*, 218 F. Supp. 2d 653, 656 (D.N.J. 2002) (observing that, "on accession, Canada affirmatively stated that it does not object to the methods of service set forth in Article 10(b) and (c). U.S.C.S. International Agreements, at 283," and that Rule 16 of the Ontario Rules of Civil Procedure authorizes personal service of process).

    Second, Defendant de Medeiros was served with a summons from the Southern District of Florida that included the original, state-court complaint on October 21, 2022. (ECF No. 36-1.) The Plaintiffs had previously moved for leave to amend their complaint to add additional parties, which the Court granted, and the Plaintiffs filed their amended complaint on October 14, 2022. (ECF No. 28.) The Eleventh Circuit holds that Federal Rule of Civil Procedure 4 "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Sanderford v. Prudential Ins. Co. of Am.*, 902 F.2d 897, 900 (11th Cir. 1990) (citation omitted). Therefore, given the very short period in overlap between the filing of the amended complaint and the service of the original complaint on Defendant de Medeiros and Defendant de Medeiros clearly has

actual notice of this action and the operative pleadings, the Court finds that quashing service and requiring re-service of the operative amended complaint "would simply serve to increase the costs of service and delay proceedings." *Patterson v. Meredith Corp.*, No. 618CV467ORL37GJK, 2018 WL 3390342, at *3 (M.D. Fla. June 11, 2018).

Therefore, the Court **denies** Defendant de Medeiros's motion (**ECF No. 35**.) Defendant de Medeiros shall respond to the operative amended complaint no later than **December 20, 2022**.

**Done and ordered** in Miami, Florida, on December 5, 2022.

_____
Robert N. Scola, Jr.
United States District Judge